United States District Court
Southern District of Texas
**ENTERED**
May 20, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JAIME ALEXANDER CARRANZA, § <br> A/K/A JORGE ALBERTO ZELAYA § <br>     Petitioner, § <br> § <br> v. § <br> § <br> WILLIAM STEPHENS, § <br>     Director of the Texas Department § <br>     of Criminal Justice - Correctional § <br>     Institutions Division, § <br>     Respondent. § | CIVIL ACTION NO: H-14-0461 <br> (consolidated with H-14-0532) |

## AMENDED MEMORANDUM AND RECOMMENDATION

Jaime Alexander Carranza's petitions for writ of habeas corpus have been referred to this Magistrate Judge for report and recommendation (Dkt. 3). On February 6, 2015, the court issued a memorandum and recommendation (Dkt. 24) recommending denial of most of Carranza's claims. The court took under advisement Carranza's claims related to double jeopardy and ineffective assistance of appellate counsel. After further briefing and oral argument, the court vacates the prior memorandum and recommendation (Dkt. 24), and now recommends that respondent's motion for summary judgment (Dkt. 15, 29) be granted as to all claims and the petition be denied with prejudice.

**Background**

Carranza pleaded guilty and was sentenced to three concurrent life terms in prison for the offenses of aggravated sexual assault of a child (Cause No. 1132278), burglary of a

habitation with commission of a felony (Cause No. 1132280),[1] and aggravated robbery (Cause No. 1132279). Trial counsel was appointed for his appeal, and the Court of Appeal for the First District of Texas affirmed his convictions on April 29, 2010.

Carranza filed three separate state applications for writ of habeas corpus challenging his convictions and sentences. On November 14, 2012, the Texas Court of Criminal Appeals denied Carranza's habeas claim challenging his aggravated robbery conviction in case 1132279 without written order on the findings of the trial court.[2] On the same day, the Court of Criminal Appeals remanded the other two cases for further consideration of Carranza's double jeopardy claims, which were based on the contention that his conviction for aggravated sexual assault of a child (1132278) was a lesser included offense underlying his conviction for burglary of a dwelling with commission of a felony (1132280).[3] The trial court, after receipt of a supplemental affidavit from counsel, issued additional findings and again recommended denial of habeas relief.[4] On February 5, 2014, the Court of Criminal Appeals denied relief in both cases without written order, and without adopting the findings

---

[1] The trial court erroneously entered a judgment of conviction in Cause No. 1132280 for burglary with *intent* to commit a felony. The trial court has now corrected the judgment nunc pro tunc to properly reflect Carranza's conviction for burglary with commission of a felony (Dkt. 33-1). This clarifies the record significantly, and eliminates any claim by Carranza based on the discrepancy between his indictment, guilty plea, and judgment of conviction.

[2] Dkt. 10-39 at 2.

[3] Dkt. 10-28 at 2, 5-7.

[4] Dkt. 10-33 at 23-26, 38-40.

and conclusions of the trial court.[5]

Carranza's first federal petition for habeas corpus challenged only his aggravated robbery conviction, and was dismissed with prejudice on December 31, 2013. *Zelaya v. Stephens*, Civil Action No. H-12-3522, 2013 WL 6889696 (S.D. Tex. Dec. 31, 2013).[6] Carranza was granted leave to file a late notice of appeal, and his appeal was dismissed on September 16, 2014.[7]

Carranza filed separate federal habeas petitions challenging his convictions in cases 1132278 (Civil Action No. 14-0461) and 1132280 (Civil Action No. 14-532) on February 20 and 26, 2014, respectively. The petitions have been consolidated before this court.[8]

**Legal Standards**

Carranza's petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 (AEDPA). Carranza is not entitled to federal habeas relief on his claims that were adjudicated on the merits in state court unless the state court adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[5] Dkt. 10-33 at 2; Dkt. 10-42 at 2.

[6] All of Carranza's state court proceedings, as well as his prior federal habeas case, were conducted under the alias Jorge Alberto Zelaya. Petitioner represents his real name is Jaime Alexander Carranza. *See, e.g.,* Dkt. 10-4 at 16.

[7] Civil Action No. H-12-3522, at Dkt. 38.

[8] *See* Dkt. 12.

3

28 U.S.C. § 2254(d).

**Analysis**

Carranza asserts numerous grounds for federal habeas relief from his state court convictions. The specific claims are listed in Appendix A attached to this opinion. Respondent argues (1) this court should decline review of Carranza's claims pursuant to the concurrent sentence doctrine, and (2) the claims are either procedurally barred or without merit. For purposes of discussion, those claims are grouped as follows:

    a.      Claims litigated in prior federal case
    b.      Guilty plea and ineffective assistance of trial counsel
    c.      Age of victim
    d.      Double jeopardy and ineffective assistance of appellate counsel

    **1.    Concurrent Sentence Doctrine.**

The concurrent sentence doctrine is a tool of judicial economy that permits a court, in its discretion, to decline review of sentences running concurrently with a valid sentence. The Fifth Circuit has applied the concurrent sentence doctrine in a variety of settings, including both direct appeal and habeas cases raising double jeopardy claims. *See, e.g. Williams v. Maggio*, 714 F.2d 554, 555 (5th Cir. 1983); *U.S. v. Stovall*, 825 F.2d 817, 824 (5th Cir. 1987), *as amended*, 833 F.2d 526 (5th Cir. 1987). However, these cases predated enactment of the AEDPA in 1996, and the Fifth Circuit has expressed doubt whether the doctrine remains viable in federal habeas review of state court convictions under AEDPA. *See Austin v. Cain*, 660 F.3d 880, 885 (5th Cir. 2011) (declining to apply the concurrent sentence doctrine, noting that it had applied the doctrine infrequently over the past thirty

years, and not at all after AEDPA).[9]

Even if the concurrent sentence doctrine survived AEDPA, it only applies when the sentences are truly concurrent. *Stovall*, 825 F.2d at 824. When two sentences of equal length involve separate monetary penalties, they are not concurrent for purposes of the concurrent sentence doctrine. *See Ray v. United States*, 481 U.S. 736 (1987) (mandatory $50 assessment under 18 U.S.C. § 3013 on each count of conviction rendered sentences non-concurrent for purposes of the doctrine). The sentences imposed on Carranza include court costs of $480 for the sexual assault conviction and $230 for the burglary conviction.[10] Under *Ray*, these separate monetary penalties preclude application of the concurrent sentence doctrine.

For these reasons, the court should decline to apply the concurrent sentence doctrine and proceed to consider Carranza's claims on their merits.

**2.     Claims Procedurally Barred or Without Merit.**

   **a.     Claims litigated in the prior federal case[11]**

Carranza raises several grounds here that are identical to those raised, and rejected, in his prior federal case challenging his aggravated robbery conviction. Those claims are not technically barred from reconsideration under the successive petition rule, because Carranza

---

[9] The court noted that the Seventh Circuit has recently applied the doctrine, while the Ninth Circuit has abandoned it. *Austin*, 660 F.3d at 886 n.3 (citing *Cheeks v. Gaetz*, 571 F.3d 680 (7th Cir. 2009) and *United States v. De Bright*, 730 F.2d 1255 (9th Cir. 1984)). *De Bright*, however, involved direct appeal of a federal conviction, not habeas review of a state court conviction. In the *De Bright* context, application of the concurrent sentence doctrine eliminated a federal criminal defendant's statutory right to appeal, a right not at issue in the present context.

[10] Dkt. 10-4 at 7; Dkt. 10-10 at 7.

[11] Appendix A: 78-3, 78-4(a) and (c)-(k), 78-5(c), 78-6, and 78-8.

is challenging different convictions in this proceeding. *See Hardemon v. Quarterman*, 516 F.3d 272, 276 (5th Cir. 2008). Nor does the common law doctrine of res judicata preclude relitigation of issues in habeas courts. *See Salinger v. Loisel,* 265 U.S. 224, 230-31 (1924); *Hardwick v. Doolittle*, 558 F.2d 292, 295-96 (5th Cir. 1977). Even so, "summary consideration of a petition is the appropriate remedy when an applicant seeks to relitigate a claim." *Hardwick,* 558 F.2d at 296.

Carranza had one plea hearing covering all three convictions. The Texas Court of Criminal Appeals denied his habeas petition on the findings of the trial court in case no. 1132279 (aggravated robbery); on the same day it remanded to the trial court only the double jeopardy issues in case nos. 1132278 (sexual assault) and 1132280 (burglary). Thus, it is reasonable to infer that the common (*i.e.*, non-double jeopardy) claims in the remanded cases were denied by the Court of Criminal Appeals on the same grounds as in case no. 1132279.

In an exhaustive 36-page opinion, District Judge Gray Miller carefully considered and rejected those claims on the merits, concluding that the state court adjudication was neither contrary to established federal law nor involved an unreasonable application of clearly established federal law as determined by the Supreme Court.[12] Carranza's appeal of Judge Miller's decision was dismissed, and no good reason has been offered why this court should depart from those rulings here. For the reasons persuasively explained in Judge Miller's opinion, the state habeas court's findings on the common (non-double jeopardy) issues are entitled to deference, and summary judgment denying those claims is appropriate. *See Clark*

---

[12] *Zelaya v. Stephens,* Civil Action No. H-12-3522, 2013 WL 6889696 (S.D. Tex. Dec. 31, 2013).

*v. Johnson*, 234 F.3d 707 (5th Cir. 2000) (unpublished table decision).

        **b.**        **Guilty plea and ineffective assistance of trial counsel[13]**

The Sixth Amendment right to counsel extends to the plea-bargaining process. *Lafler v. Cooper,* 132 S. Ct. 1376, 1384 (2012). The two-part test of *Strickland v. Washington*, 466 U.S. 668, 687 (1984), applies to guilty plea challenges based on ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). First, a defendant must show his counsel's performance was "deficient" based on specific errors so serious that counsel was constructively not acting as counsel as guaranteed by the Sixth Amendment. Second, a defendant must show his counsel prejudiced his defense, *i.e.*, "that there is a reasonable probability that, but for counsel's professional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

When a defendant enters a guilty plea, the challenge to effective assistance of counsel is limited to issues of voluntariness and understanding of the nature of the charges and the consequences of the plea. *Haynes v. Butler*, 825 F.2d 921, 924 (5th Cir. 1987). A defendant's attestation of voluntariness at the time of the plea places a heavy burden on him for habeas review. *United States v. Diaz*, 733 F.2d 371, 373–74 (5th Cir. 1979). Once it is determined that the plea is voluntarily and knowingly made, the petitioner "cannot now attack the ineffectiveness of his counsel in any respects other than as the alleged ineffectiveness bears upon counsel's faulty advice that coerced a guilty plea." *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983) (holding that because the court held the plea to be voluntary by reviewing the

---

[13]    Appendix A: 78-4(b), 78-7, 80-03, and 80-05.

transcript of the defendant's guilty plea hearing, the claims of ineffectiveness of counsel unrelated to the guilty plea are waived). In order "[t]o prove prejudice for an ineffective assistance of counsel claim in the context of a guilty plea, the habeas petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *U.S. v. Cavitt,* 255 F.3d 430, 441 (5th Cir. 2008).

Here, Carranza stipulated that he understood the nature of the charges against him.[14] It is evident that Carranza understood that he was pleading guilty to one charge of aggravated sexual assault of a child, and one charge of burglary with commission of aggravated sexual assault of a child. As counsel explained in his affidavits in the habeas proceeding, the state likely would have indicted Carranza for burglary with intent to commit sexual assault, as well as rape of a second victim, had he balked at pleading guilty to burglary as charged. For that reason, and given the amount and nature of the evidence against Carranza, counsel felt it was a reasonable decision to plead guilty as charged.[15] Nothing in the record, other than Carranza's self-serving statement, supports a finding that had counsel done anything differently Carranza would have refused to plead guilty and insisted on going to trial. The trial court on habeas review found that counsel's representation during the plea phase was not deficient.[16] The court will not overturn the state habeas court's decision to deny Carranza

---

[14] Dkt. 10-28 at 54-63.

[15] Dkt. 10-28 at 90-92, 108-09.

[16] Dkt. 10-29 at 12-18; Dkt. 10-43 at 77-81.

relief based on ineffective assistance of trial counsel.

  **c.**   **Age of the victim**[17]

Carranza pled guilty to a charge of aggravated sexual assault of a child under TEX. PENAL CODE ANN. § 22.021. For purposes of that statute, a "child" is a person younger than 17 years of age. Carranza signed a stipulation that he intentionally and knowingly assaulted a person younger than 17 years old, thus any objection on this ground was waived by his guilty plea. The original judgment of conviction correctly identified the charge for which defendant was convicted, but in a subsequent section regarding sex offender registration requirements erroneously stated that the victim was 17 years old.[18] The trial court corrected that clerical error nunc pro tunc during the pendency of state habeas proceedings.[19] Moreover, evidence in the record establishes that the victim was in fact 16 years old at the time of the offense, so there was no basis to challenge the victim's age on appeal.[20] Carranza is not entitled to federal habeas relief on any grounds related to the age of the victim.

  **d.**   **Double jeopardy and ineffective assistance of appellate counsel**[21]

Carranza alleges that his convictions for burglary with commission of aggravated sexual assault (Cause No. 1132278) and aggravated sexual assault (Cause No. 1132280) violate his constitutional right to be free from double jeopardy, and that his appellate counsel

---

[17]   Appendix A: 78-1 and 78-5(a).

[18]   Dkt. 15-1 at 2.

[19]   Dkt. 15-1 at 4-5.

[20]   Dkt. 10-30 at 36.

[21]   Appendix A: 78-2, 78-5(b), 80-02, 80-04, 80-06, 80-07.

was ineffective for not raising this issue on appeal. The Supreme Court's *Strickland* test, discussed above, applies to appellate counsel. *Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir. 1998).

A double jeopardy violation occurs when the defendant is charged with an offense that requires the same elements, and no more, as another charged offense. *Blockburger v. United States*, 284 U.S. 299, 304 (1932). The violation must be clearly evident from the face of the record. *Taylor v. Whitley*, 933 F.2d 325, 328 (5th Cir. 1991); *Langs v. State*, 183 S.W.3d 680, 687 (Tex. Crim. App. 2006).

*Langs* holds that a double jeopardy violation occurs when a defendant is convicted both for burglary under Texas Penal Code § 30.02(a)(3) and the same underlying felony used to support the § 30.02(a)(3) charge. Respondent argues, as did trial counsel in his habeas affidavit,[22] that there is no double jeopardy violation here because the aggravated sexual assault of a child underlying Carranza's burglary conviction under § 30.02(a)(3) in case 1132280 is *not necessarily* based on the same act of aggravated sexual assault of a child for which he was charged and convicted in case 1132278.

There are several ways to commit the offense of aggravated sexual assault of a child under Texas Penal Code § 22.021. According to *Vick v. State*, 991 S.W.2d 830, 832-33 (Tex. Crim. App. 1999), each separately proscribed act listed in § 22.021 constitutes a *separate* statutory offense. The indictment and guilty plea in 1132280 do not specify the means of penetration used in the commission of the aggravated sexual assault of a child; whereas the

---

[22] Dkt. 10-33 at 23-5.

indictment and guilty plea in 1132278 specifically charge that Carranza committed aggravated sexual assault of a child by "placing his sexual organ in the female sexual organ of the Complainant." Thus, as trial counsel attested, "it is impossible to say that [Carranza's] conviction for burglary of habitation covered the same 'penile-vaginal' conduct specifically identified in the aggravated sexual assault of a child indictment." It is "entirely possible that during the entire episode of complainant's rape, [Carranza] penetrated her in proscribed manners other than the 'penile-vaginal' conduct specifically alleged in the aggravated sexual assault of a child indictment."[23] The trial court credited counsel's affidavit and found his performance was not deficient.

Appellate counsel (who was also his trial counsel) raised two issues on appeal asserting that Carranza's life sentences were disproportionate to his crimes in violation of the Eighth Amendment of the United States Constitution as well as Article 1, section 13 of the Texas Constitution. Appellate counsel is not required to raise every non-frivolous ground that might be asserted on appeal. *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir. 1989). Because counsel had already determined at trial that a double jeopardy objection was unwarranted and unlikely to succeed, it is not surprising he did not raise the issue on appeal. Counsel believed that even if the double jeopardy claim were successful, it would be a short-lived victory, because the government could have, and in counsel's estimation would have, re-indicted Carranza for the offense of burglary with intent to commit a felony, or for an entirely

---

[23] Dkt. 10-33 at 25.

different sexual assault.[24] The double jeopardy claim was not unequivocally applicable, and counsel was not deficient for focusing on what he believed was a stronger claim. *Schaetzle v Cockrell*, 343 F3d 440, 445 (5th Cir. 2003).

There is no basis to conclude that the Texas Court of Criminal Appeal's rejection of Carranza's double jeopardy and ineffective assistance of appellate counsel claims is contrary to or an unreasonable application of federal law, or based on unreasonable findings of fact.

**Conclusion and Recommendation**

For the reasons stated above, the court recommends that Carranza's petition be denied with prejudice.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72.

Signed at Houston, Texas on May 20, 2016.

Stephen Wm Smith
United States Magistrate Judge

---

[24] Dkt. 10-33 at 23.

**Appendix A**

Carranza asserts the following grounds for federal habeas relief from the state court convictions he challenges in this case[25]:

**A.   Case No. 1132278 (Aggravated Sexual Assault of a Child).**

78-1:   The victim was 17 at the time of the offense and thus not a child under the law.

78-2:   He received multiple sentences for a single criminal act when he pled guilty to both burglary of a habitation with commission of aggravated sexual assault of a child and sexual assault of a child.

78-3:   He received ineffective assistance preparing a defense because counsel Ken Goode:
  (a)   could not speak his language;
  (b)   did not see him for three days during his confinement and another lawyer named "Charles Hinton" signed papers;
  (c)   did not have a translator present during their conversations;
  (d)   told Carranza that the victims were not in Texas, but did not tell him that they could not be subpoenaed to testify;
  (e)   did not explain the presentence investigation (PSI) process.

78-4:   His guilty plea was involuntary because counsel:
  (a)   did not engage a translator;
  (b)   failed to object that the indictments in 1132278 and 1132280 violate double jeopardy;
  (c)   failed to object to the PSI report on grounds that Carranza was never interviewed and he was not evaluated to determine the need for drug or alcohol treatment;
  (d)   failed to object to the PSI on the ground that the preparer did not follow procedure to determine if drugs or alcohol played a role in the offense;
  (e)   failed to research and obtain an expert on alcohol and drug abuse;
  (f)   failed to file a motion to suppress the video confession he gave police on grounds that it was involuntary due to alcohol, crack cocaine, and ecstasy use;
  (g)   failed to object to the use of the knife as a deadly weapon;
  (h)   failed to object to the state's notice of intent to introduce the hearsay statement of the child victim;

---

[25]   For current purposes, the court designates the claims by the last two digits of the state case number to which the claim relates, followed by the number of the claim as asserted here.

- (I) failed to objection to the signing of the plea papers on the ground of insufficient evidence;
- (j) failed to inform him that if the victims were not in Texas they could not testify against him;
- (k) did not inform him of the parole implications of the deadly weapon finding.

78-5: He was denied effective assistance of appellate counsel because his counsel:
- (a) did not raise the claim that the judgment was void because the victim was 17;
- (b) did not raise the double jeopardy violation;
- (c) did not challenge the sufficiency of the evidence to support the guilty plea or the deadly weapon finding.

78-6: There was no evidence to support the deadly weapon finding.

78-7: He was denied effective assistance of counsel because counsel did not explain the nature of the charges against him or ask him if he penetrated the victim by any means other than penile-vaginal contact.

78-8: He was denied effective assistance of counsel because counsel did not explain the parole consequences of his guilty plea.

**B.   Case No. 1132280 (Burglary of a Habitation):**

80-01:   His conviction is void because he pled guilty to burglary with commission of aggravated sexual assault under Penal Code § 30.02(a)(3), not burglary with intent to commit a felony under Penal Code § 30.02(a)(1) or (2).

80-02:   He received multiple sentences for a single criminal act when he pled guilty to both burglary of a habitation with commission of aggravated sexual assault of a child and aggravated sexual assault of a child.

80-03:   His guilty plea was involuntary due to ineffective assistance of counsel because counsel did not object to the indictment on double jeopardy grounds.

80-04:   He received ineffective assistance of counsel on appeal because counsel did not argue that:
- (a) the conviction was void because he pled guilty to a different charge;
- (b) the state breached its contract by convicting him in both 1132278 and

14

        (c)      1132280;

        (c)      convicting him in both 11322778 and 1132280 violates double jeopardy.

80-05:      He received ineffective assistance of counsel because counsel did not explain the nature of the charges or ask him if he penetrated the victim by any means other than penile-vaginal contact.

80-06:      He received ineffective assistance of counsel on appeal because counsel did not argue a fatal variance between the judgment and the offense to which he pled guilty;

80-07:      He received ineffective assistance of counsel on appeal because counsel did not argue there was no evidence to support his conviction under Penal Code § 30.02(a)(1).